

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD EARL FLEMING and CHERYL ANN FLEMING, individuals, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID SOLOMON and ZACK SOLOMON, individuals, et al., <br><br> Defendants. | Case No. CV 97-0026 DDP (RNBx) <br><br> AMENDED ORDER TO CONFIRM SALE AND FOR CONVEYANCE, DISBURSEMENT AND COSTS, AND FINAL JUDGMENT |

The Court having duly considered the pleadings, papers, and other matters on file, deemed to be on file, or of which the Court might take judicial notice, without oral argument, and good cause appearing therefore,

IT IS ORDERED as follows: SEP 0 9 1999

1. That the Order and Interlocutory Judgment in this action filed and entered June 12, 1997 is hereby adopted and incorporated



herein, and made Final. That this Amended Order To Confirm Sale and for Conveyance, Disbursement and Costs, and Final Judgment supersedes and replaces the Order filed May 15, 1998, and entered May 18, 1998, and further supercedes and replaces the Order filed February 2, 1999 and entered February 3, 1999 to specifically apply as to the Amended Complaint filed in this action. The parties have waived any additional statement of decision.

2. The sale of the subject real property which is legally described on Exhibit "A", attached hereto, to PCS Development, Inc., as set forth in the Referee's Report to Court and Notice Of Sale filed in this action and dated March 31, 1998 is hereby confirmed. The sale of the subject real property shall close in one or more escrows as deemed necessary or convenient by the Referee. The Referee is confirmed and directed in his authority and ordered to execute the necessary grant deed and conveyance documents on behalf of the homeowners' association and each individual condominium owner as may be customary and appropriate to effectuate the sale, Each of the individual owners of the condominium units in the subject real property is hereby ordered to execute whatever instruments or documents the Referee may reasonably deem necessary or convenient in order to comsummate the sale. Violation of this Order may be treated as a contempt.

3. The proceeds of the sale, assuming the sale price to be Nine Hundred Twenty-Five Thousand Dollars ($925,000) as stated, shall be disbursed as follows:

(a) The escrow holder, as may be nominated by the parties to the sale, shall pay those costs, charges, fees, and liens normal and customary in transactions of this type. An Estimated Settlement

has been filed and served herein prior to or at the hearing hereon. The sale proceeds then remaining in escrow are referred to hereinafter as the "Remainder".

    (b) The escrow holder or Referee shall then satisfy liens of record, up to the limit of one-eightieth (1/80th) of the Remainder (said 1/80th hereinafter referred to as "the Limit Amount") per condominium unit, less any amount of tax or other liens paid on account of that condominium unit under (a) above, applied to payment of liens against that unit in the normal order of priority.

    (c) Upon such payment of liens as specified in (a) and (b) above, this Court orders that the security underlying and securing such liens, and the liens themselves as against interests in the subject real property, are extinguished notwithstanding any amounts which may still be due the lienholders. Further, the Court orders each lienholder upon such payment, or upon demand if no payment is made because insufficient funds were available within the Limit Amount for that condominium unit, to execute whatever instruments or documents the Referee may deem necessary or convenient in order to transfer the subject real property free and clear of any such lien. Violation of this Order may be treated as a contempt.

    Defendant UNITED STATES SMALL BUSINESS ADMINISTRATION ("SBA") shall have fourteen (14) days from the later of service on SBA, attn: Jan Donovan, 200 W. Santa Ana Blvd., Suite 740, Santa Ana, CA 92701 of (a) a statement identifying the specific dollar amount to be disbursed to the SBA through escrow in connection with each of the deeds of trust held by the SBA on the subject real properties; (b) Notice of the Court's grant of this Order; and (c) an updated litigation guarantee or preliminary or other title report accurately

1 reflecting any and all deeds of trust presently held by the SBA on
2 the subject real properties, in which to prepare and transmit such
3 executed reconveyances of deeds of trust on the subject real property
4 on which the SBA holds deeds of trust.

5     Other than the SBA, each lienholder who is a party to this
6 action shall be given not less than fourteen (14) days prior written
7 notice at such lienholder's last known address of record by the
8 Referee of the proposed sale of the subject real property, the
9 estimated amount available to satisfy such party's lien (or, in the
10 alternative, the estimated amount of the Remainder allocated to the
11 condominium unit encumbered by such lien), and a Request for Payment
12 and Release of Lien.

13     The Referee is confirmed and directed in his authority to convey
14 the subject real property free and clear of any and all liens and
15 rights of lienholders notwithstanding that sums may still be due such
16 lienholders.  Upon conveyance of the subject real property, such
17 lienholders shall have no rights, interests or liens in the subject
18 real property.  The extinguishment of liens pursuant to this Order
19 shall not be deemed to be a voluntary reconveyance pursuant to the
20 California "one-action" rule or otherwise, and such lienholders shall
21 retain any enforcement rights with regard to the debt which has now
22 become unsecured unless otherwise secured by real property not the
23 subject of the action (unless the lien which is the subject of this
24 action was a purchase money mortgage, in which case the debt will be
25 extinguished under California's anti-deficiency statute).

26     (D) The Referee shall make the following disbursements and
27 applications of the net funds remitted to him out of escrow:
28     (I) Attorney's fees and costs prior paid to the firm of

Wolf, Rifkin & Shapiro be reimbursed to the Homeowners Association in an amount not to exceed Forty-Five Thousand Two Hundred Sixty-Six Dollars and Twenty-Seven Cents ($45,266.27).

(ii) Attorney's fees and costs paid or payable to the Law Offices of Richard P. Sybert shall be paid directly or reimbursed to the homeowners' association in an amount not to exceed Eighty-Seven Thousand Two Hundred Dollars ($87,200).

(iii) The Referee shall be paid in an amount not to exceed Twelve Thousand Five Hundred Dollars ($12,500).

(iv) Any remaining amount shall be established as a reserved against further expenses of sale and costs of partition. Upon determination by the Referee that no further such costs and expenses will likely be incurred, then that or any remaining amount therefrom shall be distributed as per (v) below. Should such distribution occur, the homeowners' association shall assume all liability for any such costs and expenses.

(v) Any amounts then remaining from the net sale proceeds shall be distributed in equal one-eightieth (1/80th) shares pro rata to the record owner of each condominium unit as of date of closing.

This judgment is binding and conclusive on all persons as set forth in Section 874.210 of the California Code of Civil Procedure, and may itself be recorded by any party as evidence of the sale and conveyances herein ordered.

This Court shall retain jurisdiction to vary, modify, or amend the terms of this Order.

Dated: 9-7-99

DEAN D. PREGERSON
United States District Judge

5

A CONDOMINIUM COMPOSED OF:

PARCEL 1:

(A) AN UNDIVIDED 80/80TH INTEREST IN AND TO LOT 3 OF TRACT 35079, IN THE CITY OF LOS ANGELES, AS PER MAP RECORDED IN BOOK 964 PAGES 77 AND 78 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM UNITS 1 THROUGH 80 INCLUSIVE AS DEFINED AND DELINEATED ON A CONDOMINIUM PLAN RECORDED DECEMBER 24, 1981 AS INSTRUMENT NO. 81-1261850.

(B) UNITS 1 THROUGH 80 INCLUSIVE AS DEFINED AND DELINEATED ON THE ABOVE REFERRED TO CONDOMINIUM PLAN.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND REGRESS, PUBLIC AND PRIVATE UTILITY PURPOSES (INCLUDING BUT NOT LIMITED TO INSTALLATION AND MAINTENANCE OF UNDERGROUND PUBLIC UTILITIES, WATER PIPELINES AND SEWER PIPELINES) AND INCIDENTAL PURPOSES OVER, UNDER, ACROSS AND THROUGH THAT PORTION OF LOT 1 OF SAID TRACT 35079 LYING WITHIN THAT PORTION OF SAID LOT 1 DELINEATED ON THE MAP OF SAID TRACT AS PRIVATE STREET (NOT A PUBLIC STREET). SAID EASEMENT IS APPURTENANT TO LOT 3 OF SAID TRACT 35079 AND ANY PORTION INTO WHICH IT MAY BE DIVIDED.

PARCEL 3:

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL USES AND PURPOSES OF A "PARKING SPACES" OVER AND ACROSS THAT PORTION OF LOT 3 OF SAID TRACT 35079 DEFINED AND DELINEATED AS "COMMON AREA PARKING SPACES BUILDING I", P-1 THROUGH P-52 INCLUSIVE, "COMMON AREA PARKING SPACES BUILDING II", P-1 THROUGH P-60 INCLUSIVE AND "COMMON AREA PARKING SPACES BUILDING III", P-1 THROUGH P-48 INCLUSIVE ON THE ABOVE REFERENCED CONDOMINIUM PLAN.

PARCEL 4:

AN UNDIVIDED 80/80 INTEREST IN AND TO THE FOLLOWING:

THAT PORTION OF LOT 2 OF TRACT 35079, IN THE CITY OF LOS ANGELES, AS PER MAP RECORDED IN BOOK 964 PAGES 77 AND 78 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE WESTERLY TERMINUS OF THAT PORTION OF THE SOUTHERLY LINE OF SAID LOT 2 SHOWN ON SAID MAP AS HAVING A BEARING AND DISTANCE OF "NORTH 73° 14' 53" EAST 185.40 FEET"; THENCE ALONG THE WESTERLY LINE OF SAID LOT NORTH 16° 45' 07" WEST 23.72 FEET TO A POINT IN A CURVE CONCAVE WESTERLY, SHOWN ON SAID MAP AS HAVING A RADIUS OF 45.00 FEET; THENCE NORTHERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 15° 36' 02" A DISTANCE OF 12.25 FEET TO THE POINT OF CUSP WITH A CURVE CONCAVE NORTHEASTERLY HAVING A RADIUS OF 24.00 FEET; A RADIAL LINE OF SAID CURVE TO SAID POINT BEARS SOUTH 40° 55' 59" WEST; THENCE SOUTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 57° 41' 06" A

EXHIBIT A - P. 1

DISTANCE OF 24.16 FEET; THENCE TANGENT TO SAID CURVE NORTH 73° 14' 53" EAST 18.40 FEET; THENCE NORTH 16° 45' 07" WEST 21.00 FEET; THENCE NORTH 73° 14' 53" EAST 9.00 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 33.00 FEET; THENCE SOUTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 83° 36' 53" A DISTANCE OF 48.16 FEET TO A LINE PARALLEL WITH AND DISTANT NORTHERLY 14.67 FEET FROM SAID SOUTHERLY LINE; THENCE ALONG SAID PARALLEL LINE NORTH 73° 14' 53" EAST 40.00 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 30.00 FEET; THENCE EASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 59° 16' 10" A DISTANCE OF 31.03 FEET TO SAID SOUTHERLY LINE; THENCE WESTERLY ALONG SAID SOUTHERLY LINE 150.58 FEET TO THE POINT OF BEGINNING.

EXHIBIT A - P. 2

# PROOF OF SERVICE BY MAIL
Code Civ. Proc. section 1013a(3)

I, Jeannine Linder, hereby declare:

I am employed in the County of Los Angeles, State of California, in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of 18 and not a party to the within action. My business address is 30343 Canwood Street, Suite 203, Agoura Hills, California 91301. I am personally and readily familiar with the business practice of Law Offices of CHULAK & SHIFFMAN, ATTORNEYS AT LAW for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

On August 19, 1999, I served the foregoing document described as **AMENDED ORDER TO CONFIRM SALE AND FOR CONVEYANCE, DISBURSEMENT AND COSTS, AND FINAL JUDGMENT** on all parties in this action by placing true copy(s) thereof, on the above date, separately enclosed in sealed envelopes, with postage thereon fully prepaid, following the business practice of Law Offices of Michael T. Chulak, deposited in the United States Mail at Agoura Hills, California, separately addressed as follows:

**See Attachment "A"**

I declare under penalty of perjury that the foregoing is true and correct under the law of the State of California that the above is true and correct, and this declaration was executed on August 19, 1999 at Agoura Hills, California.

Jeannine Linder

FLEMING vs. SOLOMON
United States District Court
Central District of California
Case No. CV 97-0026 DDP (RNBx)

SERVICE LIST

Larry G. Ivanjack
Holly A. Hayes
**IVANJACK & LAMBIRTH, LLP**
500 South Grand Avenue, 21st Floor
Los Angeles, CA 90071-0904

Kathryn M. Ritchie
**ASSITANT U.S. ATTORNEY**
Room 7516 Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012

Robert J. Jackson, Esq.
4199 Campus Drive, Suite 700
Irvine, CA 92715

Michael J. Withem
**ROSENTHAL, WITHEM, ZLFF & NAHMI**
16027 Ventura Blvd., Suite 201
Encino, CA 91436-2763

Dorothy Miller Russell
Pamela A. Wright
**WELLS FARGO BANK**
Office of General Counsel
333 S. Grand Avenue, Suite 1040
Los Angeles, CA 90071

Roger Therien, Esq.
1900 W. Olive Avenue
Burbank, CA 91506

Richard A. Schirtzer, Esq.
**QUINN, EMANUEL, URQUHART & OLIVER**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Deborah A. Sanowski, Esq.
**CALIFORNIA FEDERAL BANK, F.S.B.**
Office of General Counsel
5700 Wilshire Blvd., Suite 212
Los Angeles, CA 90036-4138

1  Phalen G. Hurewitz
   Ronald M. Monitz
2  **MANATT, PHELPS & PHILLIPS, LLP**
   11355 West Olympic Blvd.
3  Los Angeles, CA 90064-1614

4  Julia B. Strickland
   Chuncy M. Swelwell
5  Milissa D. Shalit
   **STROOK, STROOK & LAVAN**
6  2020 Century Park East, 18th Floor
   Los Angeles, CA 90212
7

8  Herbert N. Wolfe
   **HERZOG, FISHER, GRAYSON & WHITE**
   9460 Wilshire Blvd., Fifth Floor
9  Los Angeles, CA 90212

10 Sidney Berenstein
   P.O. Box 9155
11 4940 Johnson Drive
   Pleasanton, CA 94588
12

13 David Sanford
   **WALKER LAW FIRM**
   1301 Dove Street, Suite 450
14 Newport Beach, CA 92660

15
   Marshall Waller
16 15760 Ventura Blvd., Suite 1700
   Encino, CA 91346

17

18

19

20

21

22

23

24

25

26

27

28